# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-2321

_____

Donna Morrow

*Plaintiff - Appellant*

v.

Zale Corporation

*Defendant - Appellee*

Zale Store 1491; John Daugherty

*Defendant*s

Zale Delaware, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: March 9, 2015
Filed: March 15, 2016
[Published]

_____

Before WOLLMAN, ARNOLD, and SMITH, Circuit Judges.

_____

PER CURIAM.

Donna Morrow appeals the district court's grant of summary judgment in favor of her former employer, Zale Corporation, on her Title VII claim of gender discrimination. We reverse the grant of summary judgment, and remand the case to the district court for further proceedings.

We conclude that the summary judgment record presented a genuine issue of material fact as to whether John Daugherty was sufficiently involved in the decision to terminate Ms. Morrow to qualify as a decision maker, given that the evidence showed that he participated in the investigation leading up to her termination, and that he was the one who ultimately told her she was terminated. We also conclude that the summary judgment record presented a genuine issue of material fact as to whether Mr. Daugherty had earlier told Ms. Morrow that she should step down because she was "a female" and "a single mom," that it was "a man's world," and that she needed to "man up." Because we construe such comments, if made by a decision maker, as direct evidence of a discriminatory animus, we further conclude that under a mixed-motive analysis, Ms. Morrow may be entitled to some of the remedies she sought in her complaint, and that summary judgment was inappropriately granted. See Simmons v. New Pub. Sch. Dist. No. Eight, 251 F.3d 1210, 1213-15 (8th Cir. 2001) (summary judgment was inappropriate where decision maker's statements that "a woman can't handle [plaintiff's] job" and that plaintiff was "a woman in a man's job" provided direct evidence that gender discrimination played part in adverse decision; because direct evidence of gender discrimination existed, case was governed by mixed-motive analysis), abrogated on other grounds by Torgerson v. City of Rochester, 643 F.3d 1031 (8th Cir. 2011); see also Richardson v. Sugg, 448 F.3d 1046, 1057 (8th Cir. 2006) (under mixed-motive analysis, once plaintiff demonstrates that illegal criterion was motivating factor in employment decision, employer may come forward with affirmative defense that it would have made same decision absent illegal criterion; this affirmative defense does not absolve employer of liability, but

restricts remedies available to plaintiff); <u>Mohr v. Dustrol, Inc.</u>, 306 F.3d 636, 641 (8th Cir. 2002) (noting that direct-evidence inquiry is not limited to those formally entrusted with decision-making duties; if reasonable fact finder could conclude that official was closely involved in adverse decision, then comments made by that official are relevant to direct-evidence analysis), <u>abrogated on other grounds by Desert Palace, Inc v. Costa</u>, 539 U.S. 90 (2003).

Accordingly, we reverse the grant of summary judgment as to Ms. Morrow's claim of gender discrimination, and we remand the case to the district court for further proceedings consistent with this opinion.

_____